decree regarding support in 1996 after Father's divorce. Instead of establishing that Texas declined jurisdiction, the Record shows that Texas continued to exercise jurisdiction.

### CONCLUSION

■ For the reasons we have set forth above, we hold that the trial court did not have subject matter jurisdiction to hear the Petition to Terminate Parental Rights where Father, at all relevant times, was a resident of Texas and where, under Texas law and the PKPA, the Texas court retained exclusive continuing jurisdiction over the Possessory Conservatorship (i.e., Father's right to visitation and access to the child) set forth in the Texas decree. We thus reverse the decision of the Superior Court, vacate the order of the trial court, and relinquish jurisdiction to the courts of Texas.

Justices CAPPY and SAYLOR concur in the result.

■

**Marjorie WOLLOCH, Respondent,**

v.

**Robert AIKEN, M.D., Michelle Meltzer, M.D., Richard Keohane, M.D., Pennsylvania Hospital, Thomas Jefferson Hospital.**

**Petition of Robert Aiken, M.D.**

Supreme Court of Pennsylvania.

Oct. 10, 2000.

### ORDER

PER CURIAM:

**AND NOW,** this 10th day of October 2000, the Application for Leave to Amend Petition for Allowance of Appeal is denied. The Petition for Allowance of Appeal is granted, limited to the following issue:

Whether the Superior Court's opinion conflicts with its subsequent decision in *Miller v. Sacred Heart Hospital,* 753 A.2d 829 (Pa.Super.2000), other opinions of the Superior Court and Pennsylvania Rule of Civil Procedure 1035.2.

■

**Marjorie WOLLOCH, Respondent,**

v.

**Robert AIKEN, M.D., Michelle Meltzer, M.D., Richard Keohane, M.D., Pennsylvania Hospital, Thomas Jefferson Hospital.**

**Petition of Michelle Meltzer, M.D.**

Supreme Court of Pennsylvania.

Oct. 10, 2000.

### ORDER

PER CURIAM:

**AND NOW,** this 10th day of October, 2000, the Application for Leave to Amend Petition for Allowance of Appeal is denied. The Petition for Allowance of Appeal is granted, limited to the following issue:

Whether the Superior Court's opinion conflicts with its subsequent decision in *Miller v. Sacred Heart Hospital,* 753

A.2d 829 (Pa.Super.2000), other opinions of the Superior Court and Pennsylvania Rule of Civil Procedure 1035.2.

∎

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Daniel M. SARANCHAK, Appellant.**

Supreme Court of Pennsylvania.

Nov. 6, 2000.

***ORDER***

PER CURIAM:

**AND NOW,** this 6th day of November, 2000, the appeal filed by the Defender Association of Philadelphia on August 23, 2000, is DISMISSED based upon lack of standing.

∎

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Daniel M. SARANCHAK, Appellant.**

Supreme Court of Pennsylvania.

Nov. 6, 2000.

***ORDER***

PER CURIAM:

**AND NOW,** this 6th day of November, 2000, the Application for Stay of Execution filed by the Defender Association of Philadelphia is DENIED on the basis of the supplemental record developed in the PCRA court.

∎

**Warren DURHAM, Jr., Petitioner,**

v.

**Christopher McELYNN, Respondent.**

**No. 500 W.D. Alloc. Dkt. 2000.**

Supreme Court of Pennsylvania.

Dec. 13, 2000.

***ORDER***

PER CURIAM.

**AND NOW,** this 13th day of December, 2000, the Motion for leave to file reply brief to respondent's brief pursuant to Rules of Appellate Procedure, Rule 2113(d) is denied without prejudice to peti-